## Miller, Auditor vs. Scott.

An attorney who has obtained a judgment for his client against the State, and for the payment of which an appropriation has been made, is authorized, by virtue of his retainer, to receive from the auditor his warrant for the money, and to execute, in the name of his client, a proper receipt therefor.

### *Appeal from Pulaski Circuit Court.*

Hon. John J. Clendenin, Circuit Judge.

Hempstead, Solicitor General, for the Auditor.

The general authority of the plaintiff's attorney ceases with the judgment. *Jackson vs. Bartlett*, 8 *J. R.* 361; *Commissioners vs. Rose*, 1 *Dessau.* 469; *Treasurer vs. McDowell*, 1 *Hill* 184; *Richardson vs. Talbot*, 2 *Bibb*, 382. But even if it should be conceded that, in ordinary cases, the authority of the attorney does not cease with the judgment; yet in a case like this, he would have no authority to draw money from the treasury, without the written authority of the client, and that authority to be filed with the Auditor, to show why he issued a warrant to a person to whom the appropriation was not made.

Fowler & Stillwell, for the appellee.

The power of the attorney of record does not cease till his client's judgment is satisfied. 5 *Pet. R.* 113; 10 *J, R.* 222; 5 *Rand.* 645; 3 *Stewart's Ala. Rep.* 27; 2 *Smedes & Mar.* 83; 9 *Ib.* 263; 11 *Ark.* 229.

Mr. Chief Justice English delivered the opinion of the court.

Wm. C. Scott, in a suit brought and conducted by Fowler, as

his attorney, obtained a judgment, in the Pulaski Circuit Court, against the State. Afterwards, Fowler, as such attorney, and his partner in the practice of the law, presented a transcript of the judgment to the General Assembly, with a petition praying an appropriation to pay the judgment, etc. By the appropriation act of 1856, the sum of $668 was appropriated to pay Wm. C. Scott, a judgment recovered against the State on the 10th of June, 1854; *provided*, that it should not take effect until after the 10th of June, 1857, nor then, if the State should, on or before that day, by writ of error, contest the right of the plaintiff in said suit in the Supreme Court. *Acts* 1856, *p*. 149.

After the 10th of June, 1857, the State not having sued out a writ of error, Fowler, as the attorney of Scott, applied to the Auditor of Public Accounts for his warrant upon the State Treasurer for the amount appropriated to pay the judgment, which was refused. Whereupon Scott, by Fowler as attorney, applied to the Circuit Court of Pulaski county for a mandamus against the Auditor, to compel him to issue his warrant, etc.

The Auditor in his response insisted that he was not authorized to issue the warrant to any person but Scott, or to some one specially empowered by him to receive it; that Fowler, by virtue of his general retainer as the attorney of Scott in the suit in which the judgment was recovered against the State, was not entitled to receive the warrant, and having no special authority from Scott, he had refused to issue and deliver the warrant to him.

A demurrer was sustained to the response, a peremptory mandamus awarded, and the Auditor appealed. ,

The authority of Fowler, as the attorney of Scott, did not cease on the recovery of judgment against the State, as supposed by the Solicitor General.

In an ordinary suit against an individual, the authority of the attorney, employed to collect a debt, continues after the judgment until the money is made, and he has the authority, and it is his duty, as a general rule, to sue out execution on the judgment, and he may receive the money from the defendant, or

from the sheriff, when collected, give a receipt therefor, or enter satisfaction of the judgment. Such is the practice in this State. See *Pennington vs. Yell*, 6 *Eng.* 229; *Dig.*, *chap.* 96, *sec.* 23.

In this case, the judgment being against the State, no execution could issue. The only mode of obtaining satisfaction of the judgment was to apply to the General Assembly for an appropriation (*Eng. Dig.*, *chap.* 185, *sec.* 6,) as was done by the attorney of record who obtained the judgment; and who, we think, by virtue of his general retainer in the cause, was authorised, in the absence of some showing to the contrary, to receive the warrant of the Auditor for the money appropriated to pay the judgment, and to execute, in the name of his client, a proper receipt therefor.

The judgment is affirmed.